## SMALLEY *vs.* HENDRICKSON.

1. In an action to recover the price of goods sold, whether there has been a contract of sale between the vendor and vendee, and if there has, what are its terms, are questions of fact to be decided by the jury. Where the existence and terms of a contract are established, the construction of it is matter of law for the court.

2. A contract of sale, giving the purchaser the privilege of trying the article sold until the vendor calls to see whether the trial is satisfactory or not, and if unsatisfactory to rescind the contract, though unusual, is not illegal.

3. Where a vendee has a right to rescind a contract of sale, if the property has been delivered to him, he must return, or offer to return it, or give notice of rescission to the vendor, unless there is a stipulation which relieves the vendee from such obligation: and whether there has been such stipulation or not, is a question of fact to be decided by the jury.

4. Where goods are sold for a definite price, and there is no warranty, either express or implied, and no fraud in the sale, the vendor will be entitled to recover the full price, even if the article is defective to such an extent as to diminish its value.

This case was certified from the Monmouth Circuit for the advisory opinion of this court.

Argued before the Chief Justice and Justice ELMER.

*J. Parker,* for plaintiff.

*Bedle* and *Beasley,* for defendant.

The opinion of the court was delivered by

The CHIEF JUSTICE. The plaintiff's action was *assumpsit* for the price of a mower and reaper, sold by him to the defendant at a fixed price, $140. To support the action, the plaintiff offered his book of account in evidence, in which the machine was charged to the defendant at the price stated, and rested his case.

As the case was disposed of by the court upon the evidence of the defendant, a statement of the substance of it seems necessary.

Upon this evidence, the court directed the jury that their verdict must be for the plaintiff, and that there could be no abatement of the price for the defects of the machine. This direction was given upon the assumption that even if the evidence was true, the facts proved made out such an acceptance of the machine by the defendant as bound him to all the consequences of an absolute sale without warranty, or of a conditional sale which had not been rescinded by the defendant's action within the time or by the mode allowed for rescission.

The defendant testified that he went to the plaintiff's shop in June, 1857, told the man in charge that he wanted a mower and reaper combined, with all the improvements, if the plaintiff thought it would work; that he did not want such a bother with it as he had had with another he had got there, being compelled to bring it back; that the person in charge told him if it did not work to throw it along the fence, and he need not pay for it; that he told him that he would not be bothered with having it fixed so as to work—he would not take it on those terms; that then the plaintiff, as his agent, said, throw it along the fence if it don't work; that the price was to be $140; that he took the machine home, tried it, and found it would not work, and put it in Snook's barn, where it had remained ever since; that he did not send any word to the plaintiff, to give him any notice that it would not work,

because he thought he had no business to do so; that he put it in the barn to save it from rotting.

What contract was to be inferred from these facts was a fact to be decided by the jury. Did the parties intend, by what was said, that the defendant might take the machine and try it, and if it worked, that he should be bound to purchase it at the fixed price, and that in the meantime it should remain the property of the plaintiff? In short, was it an agreement for a future purchase in case it worked well? or was it a sale of the machine for a fixed price, accompanied by present delivery, liable to be rescinded if the machine did not work well? If the latter, was a return of the machine or notice of rescission waived?

Whether a contract of sale has been made between the vendor and the vendee or not, and if it has, what are its terms, are always questions of fact to be settled by a jury. Where the existence and terms of a contract have been established, its construction is matter of law for the court. *De-Ridder* v. *McKnight*, 13 *Johns.* 294.

The evidence tended to show that the machine was sold for a fixed price, and that if the machine did not work, the defendant might, when called on for payment, elect to treat the sale as rescinded, and refuse to pay the price; that he was not bound to return the machine or give notice, if that was the understanding between the parties; and whether it was so or not was the province of the jury to determine.

A contract of sale giving the party who buys the privilege of trial until the vendor calls to ascertain whether the trial is satisfactory or not, and if found unsatisfactory to rescind, although unusual, is not illegal.

Usually when a contract of sale contains no stipulation to the contrary, if the vendee has the right to rescind, and the property has been delivered to him, he must return, or offer to return it, or give notice of rescission. But the vendor may relieve the vendee of the performance of

these acts, and take on himself the burthen of inquiry as to whether the vendee rescinds or not.

In deciding that the defendant was bound to pay the price because he had not given notice of rescission to the plaintiff, the court assumed as facts that the sale was complete, and that there had been no waiver of notice of rescission by the terms of the contract, both of which questions should have been left to the jury. If the plaintiff said to defendant, you may throw it along the fence if it does not work, that did not necessarily dispense with notice of rescission; by that expression, as used, the plaintiff may have meant only to exempt the defendant from obligation to return the machine to his shop. What this stipulation was should have been decided by the jury, taking into consideration all the facts proved and language used.

In this view of the case, we cannot certify to the Circuit Court whether the defendant, on his evidence, had a legal defence. The court should order a new trial, to ascertain the terms of the contract.

The remaining question is, whether, assuming his evidence to be true, the defendant was entitled in this action to a reduction of the price.

If there was no warranty of the machine, and the sale was for a definite price, notwithstanding defects in the machine which greatly diminished its value, the plaintiff, on the assumption that the sale had not been rescinded, was entitled to recover the price.

In the absence of fraud, the law does not in general imply a warranty of the quality of the article on a sale executed by delivery. *Beninger* v. *Corwin,* 4 *Zab.* 257.

Whether there was a warranty in this case or not was not decided by the jury; that was not left to them for their determination, nor do I perceive in the testimony either an express warranty or any affirmation of the quality of the machine, or its fitness to do the work intended,

which could lawfully be construed as such, or from which one might be inferred.

The second question certified must therefore be answered in the negative.

The Circuit Court should be advised to grant a new trial, and submit the question of what the terms of the contract were to the jury.